IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JOSEPH NEWMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MONTANA DEPARTMENT OF ) <br> CORRECTIONS; DIRECTOR MIKE ) <br> FERRITER; MONTANA STATE PRISON;) <br> MIKE MAHONEY; DOES 1 THROUGH ) <br> 10, ) <br> ) <br> Defendants. ) | Cause No. CV 07-43-H-DWM-RKS <br><br> FINDINGS AND RECOMMENDATION <br> OF U.S. MAGISTRATE JUDGE |

On June 19, 2007, Plaintiff Joseph Newman moved to proceed in forma pauperis with this joint action under 42 U.S.C. § 1983.[1]  Plaintiff is a state prisoner proceeding pro se.  The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

**I. Preliminary Screening**

Because Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to 28

---

[1] Initially, Plaintiff signed a Complaint jointly with two other persons.  Pursuant to the Order of Severance that is the first document under the instant case number, a new case was opened for each Plaintiff.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

U.S.C. §§ 1915 and 1915A, which impose a screening responsibility on the district court. The Court must identify cognizable claims and dismiss cases or claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations and quotations omitted).

Although the statutes require dismissal for the reasons stated, they do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct 2197, 2200 (2007) (per curiam) (internal quotation marks and citations omitted); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

## II. Analysis

Plaintiff originally submitted the instant Complaint jointly with two other Plaintiffs. The Complaint states, "Plaintiff Ron Glick is the only Plaintiff to have specifically challenged Defendants' policies and practices as set forth herein through grievance." Compl. (doc. 3) at 6, ¶ 24.

It is clear that this Court may not entertain complaints from prisoners who have not exhausted their internal administrative remedies. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought ... until [the prisoner's] administrative remedies ... are exhausted." *See also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). At the end of last Term, the Supreme Court decided that the Prison Litigation Reform Act ("PLRA"), of which 42 U.S.C. § 1997e(a) is part, requires "proper" exhaustion, including compliance with the prison grievance system's deadlines and other procedural rules. *See Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378, 2386 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Since implementation of the PLRA, prisoners have attempted to avoid the exhaustion requirement by numerous arguments. The law, however, is clear. It does not matter whether the prisoner believes exhaustion will be futile, whether the grievance process is "plain, speedy, and effective," whether it satisfies "certain 'minimum acceptable standards' of fairness and

effectiveness," or whether requiring the prisoner to use the grievance procedure is "appropriate and in the interests of justice." *See Booth*, 532 U.S. at 740 & n.5; *id*. at 741 & n.6. Nor does it matter that identical grievances filed by other inmates have been denied; a different inmate might succeed, or prison staff might change their minds.[2] Exhaustion is simply "an indispensable requirement." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

While exhaustion of administrative remedies is not a pleading requirement, *Wyatt v. Terhune*, 315 F.3d 1108, 1112 (9th Cir. 2003), where the plaintiff specifically states that he has not exhausted his administrative remedies, the Court need not await the Defendants' assertion of affirmative defenses to find that relief is precluded. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." *Id*. at 1120; *see also Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's sua sponte dismissal of prisoner's complaint because he failed to exhaust his administrative remedies). Plaintiff concedes both that there is a grievance procedure at Montana State Prison and that he has not used it. No exception applies in these circumstances.

Moreover, Ninth Circuit precedent requires exhaustion of administrative remedies *before* suit may be filed. In *McKinney*, the court considered "whether a district court must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed." 311 F.3d at 1199

---

[2] Even a prisoner's fear that retaliatory action might be taken against him could not excuse his responsibility to pursue administrative remedies. Prison officials are prohibited from retaliating against prisoners who engage in constitutionally protected activities. *See, e.g., Rizzo v. Dawson*, 778 F.2d 557, 532 (9th Cir. 1985); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). The First Amendment protects inmates' right to file grievances under prison procedures. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Moreover, it would make little sense for an inmate who has already filed a lawsuit to claim that he cannot pursue administrative relief for fear of retaliation.

(emphasis added).  The court joined the First, Second, Third, Seventh, Tenth, Eleventh, and D.C. circuits in holding that 42 U.S.C. § 1997e(a) "requires exhaustion *before the filing of a complaint* and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." *Id*. (emphasis added).  The court said:

> While it is true that requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court, it seems apparent that Congress has made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit. . . . Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further . . . Congressional objectives; permitting exhaustion *pendente lite*[3] will inevitably undermine attainment of them.

*McKinney*, 311 F.3d at 1200-01 (internal quotation omitted).

*McKinney* requires that this case be dismissed for failure to exhaust administrative remedies because Plaintiff did not exhaust his administrative remedies prior to filing suit.  He fails to state a claim on which relief may be granted at this time.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Plaintiff's Complaint (doc. 3) should be DISMISSED for failure to exhaust administrative remedies prior to filing suit.

2. The docket should reflect that Plaintiff's filing of this action counts as one strike for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(g).

3. Pursuant to Fed. R. App. P. 24(a)(4)(B), the district court should CERTIFY that any appeal from its disposition would not be taken in good faith.

---

[3] *Pendente lite* means "while the action is pending."  Black's Law Dict. 1154 (7th ed. 1999).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this <u>16th</u> day of July, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge