FILED
MISSOULA, MT

2007 AUG 27 AM 11 48

PATRICK E. DUFFY
BY ______________
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JOSEPH NEWMAN,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS; DIRECTOR MIKE FERRITER; MONTANA STATE PRISON; MIKE MAHONEY; DOES 1 THROUGH 10,<br><br>Defendants. | CV 07-43-H-DWM-RKS<br><br>ORDER |

Plaintiff Newman, a state prisoner, has filed a Complaint under 42 U.S.C. § 1983 alleging violations of his First Amendment rights by prison officials. Newman filed the Complaint jointly with other inmates, but a separate action was opened in each inmate's name after the Court issued the Order of Severance that is the first document in the docket for this case.

United States Magistrate Keith Strong conducted preliminary

screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations on July 16, 2007, in which he recommends dismissal of the Complaint with prejudice due to Plaintiff Newman's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Judge Strong notes that the Complaint concedes that Plaintiff Ron Glick is the only one of the plaintiffs to have challenged the policies at issue through the prison's formal grievance procedure. Because exhaustion of administrative remedies before suit is an "indispensable requirement," see McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir 2002) (per curiam), Judge Strong concludes that Newman's Complaint must be dismissed.

Plaintiff Newman did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's

recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED for failure to exhaust administrative remedies. Pursuant to Fed. R. App. P. 24(a)(4)(B), the Court certifies that any appeal from this disposition would not be taken in good faith.

IT IS FURTHER ORDERED that Plaintiff Newman's filing of this action constitutes a strike for purposes of 28 U.S.C. § 1915(g).

DATED this 27th day of August, 2007.

Donald W. Molloy, Chief Judge
United States District Court